FILED

01/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0729

DA 23-0729

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 16N

IN RE THE MARRIAGE OF:

BENJAMIN J. ANDERSON,

      Petitioner and Appellee,

  and

KRISTIN C. ANDERSON, n/k/a KRISTIN COOPER,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DR 2017-68
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Kirsten Mull Core, Law Office of Kirsten Mull Core, P.C., Bozeman,
Montana

      For Appellee:

            Rebecca R. Swandal, Swandal Law PLLC, Livingston, Montana

Submitted on Briefs:  January 2, 2025

Decided:  January 22, 2025

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant, Kristin Cooper (Cooper), appeals from various orders issued by the Sixth Judicial District, Park County, related to the ongoing parenting disputes between the parties. We affirm.

¶3 The parties were married in 2014, their daughter, F.A., was born in 2016, and they were divorced on July 9, 2018. At the time of the dissolution, the parties stipulated to a parenting plan which designated Cooper as the primary caregiver until F.A. turned five, at which time the parties would share equal parenting time. Shortly after the dissolution, parenting conflicts began to arise, and over the last several years the parties have litigated parenting issues on an ongoing basis. The court has held 11 parenting plan proceedings since 2019, the court file is voluminous at 758 documents, and on June 6, 2023, the District Court issued its 47-page Findings of Fact, Conclusions of Law, and Order. On appeal, Cooper asserts the District Court: abused its discretion and violated her fundamental right to parent; erred by failing to appoint a guardian ad litem versus a parenting coordinator; erred in directing her mental health treatment and prohibiting her from use of medical marijuana; and erred in finding her in contempt of court and awarding Appellee, Benjamin Anderson (Anderson), fees. We affirm.

¶4 We review the underlying findings in support of a district court's decision to modify a parenting plan under the clearly erroneous standard. *Guffin v. Plaisted-Harman*, 2010 MT 100, ¶ 20, 356 Mont. 218, 232 P.3d 888. We review a district court's conclusions of law to determine if they are correct. *In re the Parenting of C.J.*, 2016 MT 93, ¶ 12, 383 Mont. 197, 369 P.3d 1028. A district court has broad discretion when considering the parenting of a child, and we must presume that the court carefully considered the evidence and made the correct decision. *C.J.*, ¶ 13 (citation omitted). Accordingly, absent clearly erroneous findings, we will not disturb a district court's decision regarding parenting plans unless there is a clear abuse of discretion. *C.J.*, ¶ 13.

¶5 Although Cooper asserts the District Court's facts are "conclusory, oftentimes completely erroneous" she has failed to demonstrate any erroneous or unsupported factual findings. Upon our review of the record, the District Court has done a herculean job in this case. Conducting a multitude of proceedings and addressing hundreds of filings diligently, comprehensively, and conscientiously. The District Court's findings are thorough, well-reasoned, and well-supported by testimony and evidence. The District Court has not violated Cooper's fundamental right to parent, but rather has conscientiously considered the statutorily required parenting issues and issued findings and conclusions in support of its determinations. While Cooper's perception of the facts and credibility of witnesses differs from those determined by the District Court, based on the record before us, we find no abuse of discretion and decline to reweigh the evidence in the manner advanced by Cooper.

¶6 The District Court diligently considered the evidence presented with regard to Cooper's drug use, including her diagnosis of severe cannabis use disorder. Although Cooper possesses a medical marijuana card, this does not authorize her to use marijuana in a manner which is unsafe to her parenting. As the District Court noted, her use of marijuana for recreational purposes has negatively impacted her parenting abilities, and the District Court would have similar concerns of a parent misusing alcohol. The District Court did not penalize Cooper for legal use of marijuana, but rather responded to Cooper's problematic use of marijuana which negatively impacts her parenting abilities. The District Court also diligently considered evidence of problematic parenting behaviors exhibited by Cooper, including that Cooper forced F.A. to continue breast feeding when F.A. was well past the age of breast feeding. When faced with conflicting evidence as to Cooper's parenting behaviors and abilities, the court resolved the conflicts by weighing the evidence and assessing the credibility, demeanor, and interests of the witnesses.

¶7 Cooper asserts the court erred in failing to appoint a guardian ad litem rather than relying on a parenting coordinator. While the court *may* appoint a guardian ad litem, the court is not required to do so. Section 40-4-205(1), MCA. Here, the District Court reasoned that because F.A.'s counselor was available to coordinate parenting and make recommendations as to F.A.'s best interests, it would be superfluous and potentially confusing to appoint a separate guardian ad litem. With this rationale we find no abuse of discretion in not appointing a guardian ad litem.

¶8 The District Court was required by § 40-4-212(1)(e), MCA, to consider the mental health of the parties in determining a parenting plan to meet F.A.'s best interests. Based

4

on the substantial evidence presented and Cooper's presentation over time, the District Court appropriately placed limitations on Cooper's parenting until she could demonstrate through counseling with a psychologist the ability to maintain appropriate behavior with F.A. This requirement does not preclude Cooper from engaging with her current counselor or in seeking other treatment she believes she needs, but it does provide the court with an objective means of assessing Cooper's behaviors as they relate to parenting F.A. in the future.

¶9     Cooper asserts the court erred in finding her in contempt of court and awarding Anderson fees. District courts have the discretion to award attorney fees. Section 40-4-110, MCA. We will not disturb an award of fees if supported by substantial evidence. *Weibert v. Weibert*, 2015 MT 29, ¶ 11, 378 Mont. 135, 343 P.3d 563. Here, the District Court was in the best position to assess the appropriateness of awarding fees. From the record, it is clear Cooper has failed to comply with court orders and engaged in excessive litigation to the extent that the District Court previously declared her a vexatious litigant. Based on the record herein, we find no abuse of discretion in finding Cooper in contempt and awarding Anderson attorney fees.

¶10    Finally, Anderson seeks attorney fees on appeal. While arguably Cooper has at times acted without respect for the judicial process, we understand the highly charged emotions that can arise in parenting actions that result in behavior one would not normally exhibit. It is appropriate that each party bear their own attorney fees associated with this appeal. The near constant litigation in which the parties have been involved has not been in their or F.A.'s best interest. We encourage the parties to devote at least as much attention

5

as they have devoted to their litigation to improving their communication and addressing their parenting skills and abilities so they can jointly meet F.A.'s best interest in the future.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE